UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**ROUGUI SYLLA**                                   **CASE NO.  6:23-CV-01617 SEC P**

**VERSUS**                                          **JUDGE ROBERT R. SUMMERHAYS**

**HELEN GRIMES, ET AL**                             **MAGISTRATE JUDGE WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (rec. doc. 1), a Motion for Stay of Removal (rec. doc. 5) and a Motion to Appoint Counsel (rec. doc. 6), filed by Petitioner Rougui Sylla.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE").  She is detained at the South Louisiana ICE Processing Center (SLIPC) in Basile, Louisiana.  Petitioner challenges the denial of asylum and seeks a stay of her removal pending review of this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.      BACKGROUND

Sylla is a native and citizen of Senegal.  Rec. Doc. 5.  She entered the United States and immediately expressed a fear of returning to Senegal out of fear that her father will hurt her, as he has done in the past, because he disagreed with whom she chose to marry. Doc. 5, p. 1.  Sylla was referred for a credible fear interview with an asylum officer who denied her request for asylum.  Rec. Doc. 1, p. 2.  An immigration judge agreed with the findings of the asylum officer based on what petitioner contends was an inadequate analysis of whether the facts supported a finding that

past or future persecution took place. *Id*. at p. 3. She also complains that she did not fully understand the questions asked due to poor translation at the hearing. *Id*. at p. 6.

## II.  LAW & ANALYSIS

In her § 2241 petition, Sylla challenges the credible fear finding and denial of asylum by the immigration judge. Rec. Doc. 1, p. 2. In a letter to the Court, interpreted as a Motion for Stay of Removal, she asks the Court to enjoin her removal while her habeas petition is pending before the Court. Rec. Doc. 5.

In May 2005, Congress passed the REAL ID Act, which "divested federal [district] courts of jurisdiction over § 2241 [habeas] petitions attacking removal orders." *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005); *Perry v. Barr*, 4:19-CV-1302, 2019 U.S. Dist. LEXIS 202952, 2019 WL 6255330, at *3 (S.D. Tex. Nov. 22, 2019). Pursuant to the Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of [Chapter 12]." 8 U.S.C. § 1252(a)(5); *Shah v. Dir., Jackson Par. Correctonal Ctr*., 3:19-CV-1164, 2019 U.S. Dist. LEXIS 152491, 2019 WL 4254139, at *2 (W.D. La. Sept. 6, 2019). The Act further provides that no court may enter "declaratory, injunctive, or other equitable relief" pertaining to an expedited removal order except as "specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1). No subsequent paragraph of Section 1252(e)(1) specifically authorizes the Court to grant Sylla injunctive relief.

In accord, the United States Court of Appeals for the Fifth Circuit has routinely held that the REAL ID Act strips district courts of jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft,* 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); *Fabuluje v.*

*Immigration & Naturalization Agency*, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay of the removal proceedings."); *see also Alvarado-Zamarripa v. Warden, IAH Secure Det. Facility,* 1:17-CV-402, 2019 U.S. Dist. LEXIS 47160, 2019 WL 1301992, at \*2 (E.D. Tex. Feb. 12, 2019), report and recommendation adopted, 2019 U.S. Dist. LEXIS 46518, 2019 WL 1301910 (E.D. Tex. Mar. 20, 2019) (district court lacked jurisdiction to consider request for stay of removal).

The Fifth Circuit has further clarified that, unless the petition containing a request for stay was pending on May 11, 2005, the date the Act was enacted, a district court should not transfer such a petition directly to an appellate court. *See, e.g., Castillo-Perales v. Holder*, 411 F. App'x 695, 696 (5th Cir. 2011) ("[T]he district court could not have transferred Castillo's § 2241 petition to this court as a petition for review because the petition was not pending on May 11, 2005, the effective date of the Real ID Act."); *Mansoor v. Gonzales*, 188 F. App'x 273 (5th Cir. 2006) ("Because Mansoor's § 2241 petition was not pending in the district court on May 11, 2005, the district court's transfer of the case to this court under the REAL ID Act was improper.").

The REAL ID Act divested this Court of jurisdiction over Sylla's petition. No exception applies in this case.

### III. CONCLUSION

Because this Court lacks jurisdiction over Sylla's claims,

**IT IS RECOMMENDED** that the petition (rec. doc. 1) and Motion to Stay (doc. 5) be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that plaintiff's Motion to Appoint Counsel (rec. doc. 6) be **DENIED** as **MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of CouFrt written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 1st day of December, 2023.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**